UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRETT FOUTE,

    Plaintiff,

v.                                  Case No.:  8:24-cv-653-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Brett Foute seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision**

    **A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on March 17, 2021, alleging disability beginning August 11, 2020. (Tr. 97, 235-36). Plaintiff later amended the alleged onset date to August 14, 2020. (Tr. 11). The

application was denied initially and on reconsideration. (Tr. 97, 108). Plaintiff requested a hearing and on April 5, 2023, a hearing was held before Administrative Law Judge Anne V. Sprague ("ALJ"). (Tr. 33-69). On May 2, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from August 14, 2020, through the date of the decision. (Tr. 11-27). On February 8, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff began this action by Complaint (Doc. 1) filed on March 12, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2024. (Tr. 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 14, 2020, the amended alleged onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: "Degenerative disc disease; hypertension; obstructive sleep apnea; obesity; depression; anxiety disorder; eating disorder; post-traumatic stress disorder (PTSD)." (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the

severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except with lifting and carrying no more than 20 pounds occasionally and 10 pounds frequently, standing and walking about 6 hours per day, and sitting at least 6 hours per day. The claimant can occasionally climb ladders, ropes, or scaffolds and frequently climb stairs and ramps, balance, stoop, kneel, crouch, and crawl. The claimant can have frequent exposure to unprotected heights, dangerous equipment, and dusts, chemicals, and fumes. The claimant can understand, remember, and carry out simple instructions, concentrate, persist, and maintain pace performing routine job tasks, have occasional interaction with the public, and have occasional changes in work setting.

(Tr. 15-16).

At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work as a corrections officer. (Tr. 25). At step five, the ALJ found that considering Plaintiff's age (50 years old on the amended alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25-26). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

 (1) Mail Clerk, DOT[1] 209.687-026, light, unskilled, SVP 2

 (2) Assembler, Small Products I, DOT 706.684-022, light, unskilled, SVP 2

 (3) Assembler, Small Products II, DOT 739.687-030, light, unskilled, SVP 2

(Tr. 26). The ALJ concluded that Plaintiff had not been under a disability from August 14, 2020, through the date of the decision. (Tr. 27).

## II. Analysis

On appeal, Plaintiff challenges the ALJ's RFC assessment. (Doc. 21, p. 5-6). Plaintiff argues that the RFC did not differentiate between Plaintiff's limitations before his back surgery and recovery, and his limitations after surgery and recovery. (Tr. 5-6). Plaintiff claims that a reviewing court cannot determine whether the RFC was the same during the entire period being adjudicated or more limited before the surgery because the surgery yielded an improvement in Plaintiff's impairments. (Tr. 5-6). This argument is unpersuasive.

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635,

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

In the decision, the ALJ thoroughly summarized the medical and other evidence of record from before the amended alleged onset date of disability until well after Plaintiff's surgery. The ALJ first noted that Plaintiff alleged disability one day after a prior decision finding him not disabled. (Tr. 17). The ALJ found "little evidence" to support a finding that Plaintiff became disabled one day after the prior decision or that his RFC to perform work "changed significantly" in one day. (Tr. 17). The ALJ then considered medical records from two months before the amended alleged onset date of disability through one day before the amended alleged onset date. (Tr. 17). From this last record, the ALJ noted that Plaintiff reported he was "doing well" and weaning off narcotic pain medication. (Tr. 17).

After the amended alleged onset date, the ALJ noted that in early 2021, Plaintiff reported worsening pain and a plan to return to a neurosurgeon. (Tr. 17). The ALJ cited an April 2021 neurosurgical record for treatment of lower back pain radiating into Plaintiff's lower extremity, but noted that the examination only

showed some modest abnormalities, such as positive right straight leg raise test, and minimally reduced right plantar flexion strength of 4/5. (Tr. 17). The ALJ also considered a neurosurgical review of an updated lumbar MRI scan that confirmed Plaintiff's lumbar abnormalities remained mostly stable with only slight worsening. (Tr. 17). The ALJ considered Plaintiff's May 2021 complaints of worsening lower back pain, radiating into the right lower extremity and the treatment received until Plaintiff underwent lumbar transforaminal interbody fusion surgery in November 2021. (Tr. 18).

The ALJ then summarized the complications after surgery, such as a wound infection that required inpatient treatment for MERSA. (Tr. 18). Even with the complications, the ALJ noted that the repeat lumbar imaging confirmed good post-surgical appearance, preserved vertebral heights and disc spaces, and examination findings were generally unremarkable with normal range of motion, strength, sensation, motor function, and neurological function. (Tr, 18). The ALJ also noted that Plaintiff continued to receive pain management. (Tr. 18). In February 2022, while the treatment records reflect Plaintiff's infection and radicular pain had resolved, the ALJ acknowledged that Plaintiff reported some ongoing lower back pain. (Tr. 18). Overall, the ALJ found the records showed that after resolution from the complications of the November 2022 surgery through early 2023, Plaintiff reported generally doing better with improved ability to walk, despite ongoing

reports of persistent lower back pain with continued use of pain medications and injections. (Tr. 18-19).

Plaintiff contends that the ALJ erred in not differentiating between Plaintiff's RFC before his surgery and recovery and after his surgery and recovery. (Doc,. 21, p. 5). Plaintiff claims that because Plaintiff's condition improved after surgery, the ALJ implied that Plaintiff's condition was worse before surgery. (Doc. 21, p. 5). Plaintiff argues that a reviewing court cannot determine whether the RFC was the same during the entire period adjudicated here or should have been more limited before surgery. (Doc. 21, p. 5-6). Not so.

In determining the RFC assessment, the ALJ found persuasive and relied on the assessments and opinions of State agency medical consultants, Sharka Junejo, M.D. and Audrey Wooten, M.D. (Tr. 23). On September 8, 2021 – before Plaintiff's November 2021 surgery – Dr. Junejo completed a Physical Residual Functional Capacity report. (Tr. 102-104). On June 27, 2022 – after Plaintiff's surgery – Dr. Wooten completed a Physical Residual Functional Capacity report. (Tr. 114-16). The limitations found by both doctors generally mirror each other even though one was completed before Plaintiff's surgery and one was completed after surgery. (Tr. 15-16, 102-104, 114-16).

The ALJ explained that she found these opinions persuasive because both Drs. Junejo and Wooten provided good internal support for their assessments with

detailed and thorough narrative discussions of the evidence on which they relied. (Tr. 23). The ALJ also found their assessments generally consistent with the evidence that confirms that Plaintiff demonstrated stable and largely modest abnormalities on imaging studies and examinations, despite complaints of severe and chronic lower back pain that radiated to the lower right extremity. (Tr. 23). The ALJ noted that Dr. Wooten had the benefit of reviewing the treatment notes both from before and after Plaintiff's surgery as well as post-operative infection treatment. (Tr. 23-24). The ALJ found Dr. Wooten's opinion generally consistent with the more recent evidence, including the pain management treatment notes that confirm Plaintiff continued to demonstrate some modest lumbar and right leg abnormalities on examination. (Tr. 24). The ALJ also found that these two opinions were consistent with each other, which bolstered the persuasiveness of their assessments. (Tr. 24).

In summary, the ALJ relied on the State agency medical consultants' opinions to assess Plaintiff's RFC. Dr. Junejo consider the medical and other evidence before Plaintiff's surgery and assessed Plaintiff's RFC based on these medical records. Dr. Wooten had the benefit of both the medical and other evidence from before and after surgery and recovery and assessed Plaintiff's RFC on those medical records. Both RFC assessments contained most of if not all of the same limitations. The ALJ considered the medical and other evidence of record before and after surgery and

also found the opinions of Drs. Junejo and Wooten persuasive The ALJ then assessed an RFC that generally reflected the limitations found by both Drs. Junejo and Wooten. Substantial evidence supports the RFC assessment for the entire period at issue and the ALJ did not err.

### III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 3, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties